UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IRVIN NOEGLI RUIZ ZUNIGA,

Petitioner,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT SEATTLE FIELD OFFICE DIRECTOR, et al,

Respondents.

CASE NO. C26-3669JLR

ORDER

Before the court is a motion for return to district filed by Christina Marie Ruiz as next friend of Petitioner Irvin Noegli Ruiz Zuniga. (Mot. (Dkt. # 21); *see also* 10/9/26 Order (Dkt. # 14) (granting Mrs. Ruiz next friend status on behalf of Petitioner).) In light of the urgency of Mrs. Ruiz's motion, the court exercises its discretion under Federal Rule of Civil Procedure 1[1] to decide the motion without a response. The court GRANTS

[1] Rule 1 requires the court "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

the motion and ORDERS the Government[2] to return Petitioner to the District within **48 hours**.

On September 29, 2026 Petitioner initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet. (Dkt. # 1).) On the same day, the court entered a scheduling order directing the Government to show cause why the court should not grant the writ of habeas corpus and explicitly providing that the Government is required to ”provide Petitioner in this habeas action at least 7 days' notice prior to any action to move or transfer Petitioner from the Western District of Washington or to remove them from the United States." (9/29/26 Sched. Order (Dkt. # 5).) The court similarly required that the Government directly "file the notice of intent to transfer or remove on the Court's docket[.]" (*Id.* at 2.)

On October 8, 2026, the Government filed a notice of imminent removal alerting the court that it intended to "remove Petitioner from the United States upon expiration of the required [7 days'] notice." (10/8/26 Not. (Dkt. # 12).) The Government also filed on the docket a copy of the notice of imminent removal that it served on Petitioner stating that it is "in possession of a travel document to affect [Petitioner's] removal[.]" (DHS Not. (Dkt. # 13-1).) On October 21, 2026, Mrs. Ruiz filed the instant motion alerting the court that the Government had transferred Petitioner from the District and seeking his return for the pendency of this action. (Mot.) The next day, the Government filed a

[2] The Federal Respondents are Immigration and Customs Enforcement ("ICE") Seattle Field Office Director; Department of Homeland Security Secretary; United States Attorney General; and Executive Office of Immigration Review Director (collectively, the "Government").

status report confirming that on October 20, 2026, it had transferred Petitioner to a facility in Florence, Arizona, for the purpose of removal. (10/22/26 Not. (Dkt. # 22).)

The court determines that the Government's actions violate the September 29, 2026 scheduling order. Two weeks prior to Petitioner's transfer, the Government filed notice of intent to *remove* Petitioner, not to *transfer* him to Florence, Arizona. (*See* 10/8/26 Not.) The court's order explicitly mandates that the Government provide both the court and Petitioner at least seven-days' notice prior to *either* transferring Petitioner or removing him. Because the Government's notice addresses only removal rather than transfer, the court determines the Government's notice is deficient and in direct violation of this court's clear directive.

//

//

//

//

//

//

//

//

//

//

//

//

Accordingly, the court ORDERS the Government to return Petitioner to the Western District of Washington within **48 hours** of the entry of this order. The Government is further ORDERED to file a status report on the court's docket immediately upon completion of the transfer, confirming that it has returned Petitioner to the District. Because this is the second instance of the Government improperly removing Petitioner from this District during the pendency of his petition and in violation of the scheduling order,[3] the court puts the Government on notice that failure to fully and strictly comply with the court's order may result in the imposition of sanctions.

Dated this 22nd day of October, 2026.

JAMES L. ROBART
United States District Judge

[3] On October 1, 2026, the Government notified the court that it had inadvertently transferred Petitioner to a facility in Florence, Arizona. (10/1/26 Not. (Dkt. # 10).) The Government explained that because it did not receive notice of Petitioner's petition and the court's scheduling order before placing Petitioner on a flight, the transfer was unintentional. (*Id.*) The Government acknowledged its error and summarily returned Petitioner to the District.